UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN D. WILLIAMS,

    Plaintiff,

        v.                                           CAUSE NO. 3:20-CV-208-JD-MGG

ISP,

    Defendant.

## OPINION AND ORDER

Justin D. Williams, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Williams alleges that, following an altercation with a staff member, he was stripped from his clothes and held in a cold cell without a mattress for four days. The toilet could not be flushed. He was only permitted to brush his teeth every three days. And, on one occasion, he received food that contained either peanuts or seafood, resulting in a severe allergic reaction necessitating hospitalization. He endured these conditions for fourteen days. He has sued only one defendant – the Indiana State Prison.

While Williams may be able to assert a valid Eighth Amendment claim regarding the conditions of his confinement, he has not named a proper defendant. The Indiana State Prison is where the alleged events occurred, but it is a building, not an individual or a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Williams may not proceed on this complaint.

Nevertheless, Williams may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant at the Indiana State Prison in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Justin D. Williams until <u>April 10, 2020</u>, to file an amended complaint; and

(2) CAUTIONS Justin D. Williams that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the complaint (ECF 1) does not state a claim.

SO ORDERED on March 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT