UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUSTIN D. WILLIAMS,

    Plaintiff,

    v.                                   CAUSE NO. 3:20-CV-208-JD-MGG

ISP,

    Defendant.

OPINION AND ORDER

Justin D. Williams, a prisoner without a lawyer, filed an amended complaint regarding the conditions of his confinement at the Indiana State Prison and naming three defendants: Lt. Lott, C.O. Silas, and Lt. Williams. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Williams' amended complaint alleges essentially the same facts as his original complaint, although he has now sued three individual defendants instead of the Indiana State Prison. In the amended complaint, Williams alleges that, following an altercation with a staff member, Sgt. Lott escorted him to SMC, where he was housed for the next fourteen days. During the first four days, he was only permitted to wear

socks, boxers, and a shirt. During those four days, the cell was cold, and he was denied a mattress. The toilets in SMC could not be flushed and toilet paper was only available by request, which sometimes took hours. He was only permitted a shower every three days. And, he was only permitted to brush his teeth every three days, which left his gums bloody, swollen, and sore.

"[T]he Constitution does not mandate comfortable prisons...." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted).

Here, much of what Williams alleges falls squarely in the category of mere inconvenience and does not rise to the level of a constitutional violation, especially given the short timeframe at issue here. Furthermore, while Williams has now named individual defendants, he has not identified which defendant is responsible for subjecting him to each of the conditions that he asserts violated the Constitution. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because he has not alleged facts

2

suggesting that any of the defendants is responsible for subjecting him to the conditions he endured, he has not stated a claim.

Williams also alleges that, on one occasion, C.O. Silas brought him a food tray that contained a peanut butter sandwich despite prison staff knowing that he suffers from a peanut allergy. This resulted in a severe allergic reaction necessitating overnight hospitalization. Prison officials only violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Mere negligence – even gross negligence – does not violate the Constitution. *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008). *Morris v. Kingston*, 368 F. App'x 686, 688-89 (7th Cir. 2010). Here, there is no indication that C.O. Silias' delivery of a peanut butter sandwich to Williams on one occasion was anything more than negligence. Thus, he cannot proceed against C.O. Silias based on him serving Williams a peanut butter sandwich on one occasion.

Although Williams may not proceed on his amended complaint, Williams will be given one more an opportunity to amend his complaint to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If, after considering the deficiencies pointed out in this order, Williams chooses to file a second amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe the

conditions he endured and his interactions with each individual defendant at the Indiana State Prison in detail, including names, dates, and location, and he should explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Justin D. Williams until **May 9, 2020**, to file a second amended complaint; and

(2) CAUTIONS Justin D. Williams that, if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the amended complaint (ECF 9) does not state a claim.

SO ORDERED on April 10, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT